## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAMENANG CHOH and GRACE KIRK, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 3:23-cv-00305-AWT |
| BROWN UNIVERSITY, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, HARVARD UNIVERSITY, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, PRINCETON UNIVERSITY, and THE IVY LEAGUE COUNCIL OF PRESIDENTS, | |
| *Defendants*. | May 10, 2023 |

## 26(F) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** March 7, 2023

**Dates Complaint Served:** March 8, 2023, Brown University: March 13, 2023, The Trustees of Columbia University in the City of New York, Inc.: March 9, 2023, Cornell University: March 10, 2023, Trustees of Dartmouth College: March 17, 2023, Harvard University: March 13, 2023, The Trustees of the University of Pennsylvania: March 13, 2023, The Trustees of Princeton University: March 13, 2023, Yale University: March 13, 2023, Council of Ivy League Presidents: April 14, 2023

**Date of Defendants' Appearances:** March 30, 2023 (all Defendants)

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on April 26, 2023. The participants were:

Robert E. Litan, Edward Normand, Najah Jacobs, John Cesaroni and Stephen Kindseth for Plaintiffs Tamenang Choh and Grace Kirk

Noah Kaufman for Defendant Brown University, Amy Van Gelder, Karen Hoffman Lent and Peter S. Julian for The Trustees of Columbia University in the City of New York, Norm Armstrong for Defendant Cornell University, Ishan K. Bhabha and Douglas E. Litvack for Defendant Trustees of Dartmouth College, Renata Hesse and Diane McGimsey for Defendant

Harvard University, David Gringer for Defendant The Trustees of the University of Pennsylvania, Juan Arteaga and Jordan Ludwig for Defendant The Trustees of Princeton University, Benjamin F. Holt for Defendant Yale University, Derek Ludwin for Defendant Ivy League Council of Presidents, and David Allen and Deirdre Daly for all Defendants.

## I.      Certification

Undersigned counsel (after consultation with their clients) certify that:  (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

### A.      Subject Matter Jurisdiction

Plaintiffs allege causes of action under Section 1 of the Sherman Act, 15 U.S.C. § 1. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### B.      Personal Jurisdiction

This Court has personal jurisdiction because all Defendants have transacted business in this District relevant to the alleged anticompetitive conduct underlying Plaintiffs' complaint, and Defendants do not contest personal jurisdiction.

## III.    Brief Description of Case

### A.      Claims of Plaintiffs

Plaintiffs are current and former student athletes at one of the University Defendants (all Defendants other than the Ivy League Council of Presidents or "Council") seeking to represent a class of all collegiate athletes recruited to play a sport by one or more University Defendants ("Ivy League Athletes") from March 7, 2019 to the date the challenged conduct has ceased and who, during the same time period, attended one of the University Defendant's undergraduate

programs while playing a sport for the school. Plaintiff Choh played men's basketball from 2017 to 2022 for Defendant Brown University. Plaintiff Kirk has played for Defendant Brown's women's basketball team since 2020. The University Defendants are all members of the Ivy League, which is an athletic conference within the NCAA's Division I, the most elite athletic division. The NCAA permits (and Plaintiffs believe that discovery will show it requires, with an exception designed specifically for University Defendants) Division I universities to offer athletic scholarships for qualifying athletes. Plaintiffs allege that the Defendants have participated in an ongoing conspiracy not to provide athletic scholarships to Ivy League Athletes and not to pay Ivy League Athletes any compensation (or reimbursement of education-related expenses) for the athletic services Ivy League Athletes provide to the University Defendants, in violation of Sherman Antitrust Act, 15 U.S.C. § 1 (the "Ivy League Agreement").

The Ivy League Agreement is a price-fixing agreement that is a *per se* violation of the antitrust laws. It is a naked restraint of trade among horizontal competitors not to compete with each other on an important form of compensation and/or benefit to Ivy Athletes. The Ivy League Agreement has direct anticompetitive effects, raising the net price of education that Ivy League Athletes pay and suppressing compensation for the athletic services they provide to the University Defendants. Absent the Ivy League Agreement's bar on athletic scholarships, the free market would have caused the University Defendants to determine unilaterally, and in competition with each other, how many athletic scholarships to provide, by sport, and in what amounts, and how much to compensate athletes for their athletic services. As a result of the operation of normal competitive processes, absent the Ivy League Agreement, all Ivy League Athletes would have benefitted through increased compensation and/or scholarship dollars.

    **B.**    **Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendants:**

In this action, Plaintiffs allege that Defendants committed a *per se* antitrust violation by applying the same financial aid policies to student-athletes that apply to all of their other undergraduate students.  Specifically, Plaintiffs contend that Defendants unlawfully agreed to provide only need-based financial aid to Ivy League student-athletes, thereby prohibiting the award of athletic scholarships.

As will be fully detailed in Defendants' forthcoming motion to dismiss, Plaintiffs have failed to plead a *per se* antitrust violation—which courts have long held should be strictly limited to conduct that has a pernicious effect on competition and lacks any redeeming value—because the case law, including Supreme Court precedent, establishes that individual collegiate athletic leagues, such as the Ivy League, have the right to independently adopt rules governing the financial aid and compensation made available to their student-athletes.  Moreover, the Supreme Court and Second Circuit have expressly held that sports league rules governing athlete eligibility, recruiting and compensation should be reviewed under the rule of reason.  Plaintiffs have failed to plead any facts that enable them to evade these well-settled antitrust principles.

As will also be fully detailed in Defendants' forthcoming motion to dismiss, Plaintiffs have failed to plead an antitrust violation under the rule of reason because they have not pled a plausible relevant antitrust market.  In their Complaint, Plaintiffs attempt to manufacture a market limited to the eight University Defendants.  Such a market does not exist because, as Plaintiffs acknowledge, there are non-Ivy League schools who recruit the same student-athletes. Indeed, the two named Plaintiffs received athletic scholarship offers from non-Ivy League schools but decided to decline these scholarship offers fully knowing that they would not receive

such a scholarship at their chosen Ivy League school, where instead of athletic scholarships they each received hundreds of thousands of dollars in need-based financial aid.  Other student-athletes should not be deprived of the very choice that the named Plaintiffs were afforded, namely, the ability to choose between the campus culture and college experience offered by schools that do not offer athletic scholarships and schools that do offer athletic scholarships.

Plaintiffs have further failed to plead a plausible claim under the rule of reason because the Complaint lacks any facts showing that Defendants' decision not to offer athletic scholarships has had any market-wide anticompetitive effects.  The absence of such facts is not surprising because the Ivy League consists solely of eight out of the more than 350 schools that compete in NCAA Division I athletics.  In addition, the Ivy League is only one of dozens of NCAA Division I athletic conferences.  Again, the named Plaintiffs admit that they received athletic scholarships from non-Ivy League schools yet chose to decline these scholarship offers.

## IV.  Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

- University Defendants are all members of the Ivy League athletic conference.

- University Defendants are all NCAA Division I universities.

- According to the Ivy Manual, "All the Ivy League institutions follow the common policy that any financial aid for student-athletes will be awarded and renewed on the sole basis of economic need with no differentiation in amount or in kind (e.g. packaging) based on athletic ability or participation, provided that each school shall apply its own standard of economic need." *See* https://pennathletics.com/documents/2022/12/13/Ivy_Manual_2022-23.pdf, at

156.

- Plaintiff Choh was enrolled as an undergraduate student at Brown University from 2017 to 2022 and played men's basketball on Brown's Division I team from 2017 to 2022.

- Plaintiff Kirk has been enrolled as an undergraduate student at Defendant Brown University from 2020 to present and has played women's basketball on Defendant Brown's Division I women's team since 2020.

## V.      Case Management Plan

### A.      Initial Disclosures

Initial disclosures will be served by June 9, 2023.

### B.      Scheduling Conference

1.      The Parties do not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.      The Parties prefer that a scheduling conference, if held, be conducted via Zoom.

### C.      Early Settlement Conference

1.      The Parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.      The Parties do not request an early settlement conference.

3.      The Parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D.      Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The Parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.     Plaintiffs should be allowed until 90 days following the Court's decision on the motion to dismiss to file motions to join additional parties and to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2.     Defendants should be allowed until May 15, 2023 to file a response to the complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

### E.     Discovery

a.     Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the Parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the Parties wish to apprise the Court of the following information regarding the "needs of the case":

Fact discovery should not be phased or focused on any particular issues, but rather should be open to all issues appropriately within the scope of any well-pled claims and closed as to all issues at the end of the period of fact discovery. The factual and legal issues, including as to the merits of Plaintiffs' antitrust claims, and the susceptibility of the claims to class-wide treatment under Federal Rule of Civil Procedure 23, are appropriate matters for discovery during the fact discovery period. The Parties have agreed, subject to the entry of a confidentiality order and the negotiation of reasonable and proportionate document sources and scope of search, on very narrow initial fact discovery pending the Court's decision on Defendants' forthcoming motion to

dismiss. This initial discovery shall be limited to documents from June 1, 2021, through the date of the Complaint concerning the Ivy League's policy of limiting financial aid for student-athletes to need-based aid, and not permitting the award of athletic scholarships.  Full fact discovery shall commence following a decision on Defendants' motion to dismiss. After the fact discovery period, the Parties have agreed on a discovery plan that allows for two phases of expert discovery, one for purposes of class certification and *Daubert,* and another round of expert reports addressing the merits of Plaintiffs' claim.

The Parties anticipate that fact discovery will generally include: (1) the negotiating of the scope of requests for the production of documents and transaction data; (2) pursuing nonparty document discovery; (3) reviewing of documents; and (4) taking party and nonparty depositions. Expert discovery will require the parties to engage with economic and other experts who will submit reports that the Parties will use in connection with class certification, summary judgment, and trial (if necessary).

b.       The Parties anticipate that discovery will be needed on at least the following subjects: (1) facts surrounding Defendants' decision not to award athletic scholarships; (2) potential competitive effects of Defendants' decision not to award athletic scholarships; (3) whether the University Defendants collectively have market power in a relevant market or markets in which the University Defendants compete for student-athletes; (4) Defendants' asserted procompetitive justifications for their decision not to award athletic scholarships; (5) the efforts by the University Defendants and other schools to recruit the named Plaintiffs; and (6) damages, if any, suffered by Plaintiffs and proposed Class members.

Toward these ends, Plaintiffs intend to pursue very limited discovery while Defendants' motion to dismiss is pending.  This discovery, which remains subject to the entry of a

confidentiality order and the negotiation of reasonable and proportionate document sources and scope of search, will relate to documents created since June 1, 2021, concerning that portion of the Ivy League Manual that prohibits athletic scholarships.

      c.      Discovery Scheduling.

      Subject to the entry of a confidentiality order and the negotiation of reasonable and proportionate document sources and scope of search, Plaintiffs' limited discovery relating to documents created since June 1, 2021, concerning that portion of the Ivy League Manual that prohibits athletic scholarships, will be commenced on May 10, 2023.  Fact discovery, including depositions of percipient witnesses, will be commenced one day following the Court's decision on the motion to dismiss, to be followed by a period of expert discovery focusing on class certification, to be followed by expert discovery focusing on the merits—all of which will be completed 180 days following the Court's decision on Plaintiffs' motion for class certification.

      d.      Discovery will be conducted in three phases.

      e.      Discovery will be conducted in three phases—fact discovery, class expert discovery, and merits expert discovery.

      Subject to the entry of a confidentiality order and the negotiation of reasonable and proportionate document sources and scope of search, Plaintiffs' limited discovery relating to documents created since June 1, 2021, concerning that portion of the Ivy League Manual that prohibits athletic scholarships, will commence on May 10, 2023.  Full fact discovery will commence following the Court's decision on the motion to dismiss and be completed eighteen months following the Court's decision on the motion to dismiss.  Following the close of fact discovery, the Parties will engage in a period of expert discovery and briefing related to Plaintiffs' motion for class certification, to be completed 300 days following the close of full fact

discovery.  Following a decision on Plaintiffs' motion for class certification, the Parties will engage in a period of merits expert discovery tailored to the parameters of the case as determined by the decision on class certification, to be completed 180 days following the Court's decision on the motion for class certification.

     f.      Depositions.

The Parties agree that fact depositions will commence during the fact discovery period which will follow the Court's decision on the motion to dismiss and be completed eighteen months following the Court's decision on the motion to dismiss.

**Plaintiffs' Position:**

Plaintiffs will require a total of 100 depositions of fact witnesses, including Party witnesses, non-party witnesses, and Rule 30(b)(6) witnesses, and Defendants will require a total of 75 depositions of fact witnesses, including Party witnesses, non-party witnesses, and Rule 30(b)(6) witnesses.

**Defendants' Position:**

Plaintiffs should be limited to a total of 75 depositions of fact witnesses, including Party witnesses, non-party witnesses, and Rule 30(b)(6) witnesses, and Defendants will require a total of 75 depositions of fact witnesses, including Party witnesses, non-party witnesses, and Rule 30(b)(6) witnesses.

     g.      The Parties agree to 25 interrogatories, requests for production and requests for admission per side such that Plaintiffs may serve 25 total interrogatories, requests for production and requests for admission on any or all Defendants, and Defendants may serve 25 total interrogatories, requests for production and requests for admission on any or all Plaintiffs.

h.      Plaintiffs intend to call expert witnesses at trial.  Defendants intend to call expert witnesses at trial.

i.      Opening merits experts:

 Plaintiffs will designate all opening merits experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) sixty days following the Court's decision on Plaintiffs' motion for class certification.  Depositions of such experts will be completed 180 days following the Court's decision on Plaintiffs' motion for class certification.

j.      Opposition/rebuttal merits experts:

Defendants will designate all opposition experts and provide opposing counsel with reports from those experts pursuant to Fed. R. Civ. P. 26(a)(2) 105 days following the Court's decision on Plaintiffs' motion for class certification.  Plaintiffs will designate all rebuttal experts and provide opposing counsel with reports from those experts pursuant to Fed. R. Civ. P. 26(a)(2) 150 days following the Court's decision on Plaintiffs' motion for class certification. Depositions of all opposition and rebuttal experts will be completed 180 days following the Court's decision on Plaintiffs' motion for class certification.

k.      A damages analysis will be provided by any party who has a claim or counterclaim for damages 60 days following the Court's decision on Plaintiffs' motion for class certification.

l.      Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other

techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The Parties are working in good faith to agree upon a stipulated ESI protocol or competing proposals for an ESI order, a Confidentiality Order (including provisions relating to certain student information under the Family Educational Rights and Privacy Act ("FERPA") and the Higher Education Act ("HEA")), and an Expert Stipulation by June 21, 2023.

m.      Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper and or other non-electronic forms. The Parties will include such information in a stipulated ESI protocol or competing proposal for an ESI order by June 21, 2023.

n.      Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Parties will include such information in a stipulated ESI protocol or competing proposal for an ESI order by June 21, 2023.

### F.      Other Scheduling Issues

The Parties propose a complete schedule for addressing other issues pertinent to this case in Appendix A.

### G.      Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed within 30 days after the close of merits expert discovery.

### H.      Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 60 days after a ruling on a motion for summary judgment that does not resolve the entire case.

## VI.    Trial Readiness

The case will be ready for trial 60 days following the filing of the joint trial memorandum.

By: /s/ John L. Cesaroni_____

Stephen M. Kindseth (ct14640)
James M. Moriarty (ct21876)
John L. Cesaroni (ct29309)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06605
Tel. 203-368-4234
Fax. 203-368-5485
skindseth@zeislaw.com
jmoriarty@zeislaw.com
jcesaroni@zeislaw.com

Eric L. Cramer*
Patrick F. Madden*
Alan K. Cotler*
Najah Jacobs*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000
ecramer@bm.net
pmadden@bm.net
alancotler@gmail.com
njacobs@bm.net

Robert E. Litan*
Dan Walker*

Velvel (Devin) Freedman*
Edward Normand*
Stephen Lagos*
FREEDMAN NORMAND
FRIEDLAND LLP
90 Park Avenue
Suite 1910
New York, N.Y. 10016
Phone: 646-970-7513
vfreedman@fnf.law
tnormand@fnf.law
slagos@fnf.law

Hope Brinn*
BERGER MONTAGUE PC
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Phone: (202) 559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs and the Proposed Class*


/s/ Deidre M. Daly
Deirdre M. Daly (ct23128)
David R. Allen (ct30827)
FINN DIXON & HERLING LLP
Six Landmark Square
Stamford, CT 06901
Tel: 203-325-5000
Fax:  203-325-5001
ddaly@fdh.com
dallen@fdh.com

*Attorneys for All Defendants*


Noah J. Kaufman (phv207186)
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA  02110
Tel:  617-341-7590
noah.kaufman@morganlewis.com

Jon R. Roellke (phv207185)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004-2541
Tel:  202-739-5754
jon.roellke@morganlewis.com

*Attorneys for Defendant Brown University*


Karen Hoffman Lent (phv207216)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

One Manhattan West
Room 40-216
New York, NY  10001-8602
Tel:  212-735-3276
Fax:  917-735-3276
karen.lent@skadden.com

Amy Van Gelder (phv207221)
John Kocoras (phv207222)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 N. Wacker Drive
Chicago, IL  60606-1720
Tel:  312-407-0903
amy.vangelder@skadden.com
john.kocoras@skadden.com

*Attorneys for Defendant The Trustees of
Columbia University in the City of New York*


Norm Armstrong (admitted pro hac vice)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC  20006
Tel:  202-737-0500
narmstrong@kslaw.com

Zachary T. Fardon (admitted pro hac vice)
KING & SPALDING LLP
110 N. Wacker Drive
Suite 3800
Chicago, IL  60606
Tel:  312-995-6333
zfardon@kslaw.com

*Attorneys for Defendant Cornell University*


Terri L. Mascherin (phv207218)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654-3456
Tel:  312-222-9350
tmascherin@jenner.com

Ishan K. Bhabha (phv207234)
Douglas E. Litvack
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC  20001-4412
Tel:  202-637-6327
ibhabha@jenner.com
dlivack@jenner.com

*Attorneys for Defendant Trustees of Dartmouth College*

Renata B. Hesse (phv207214)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, NW
Suite 700
Washington, DC  20006
Tel:  202-956-7500
Fax:  202-293-6330
hesser@sullcrom.com

Diane L. McGimsey (phv207215)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA  90067
Tel:  310-712-6600
Fax:  310-712-8800
mcgimseyd@sullcrom.com

*Attorneys for Defendant Harvard University*

Seth P. Waxman (phv03095)
WILMER CUTLER PICKERING HALE AND
DORR LLP
2100 Pennsylvania Avenue NW
Washington D.C.  20037
Tel:  202-663-6000
Fax:  202-663-6363
seth.waxman@wilmerhale.com

Alan Schoenfeld (phv207237)
David Gringer (phv207236)

WILMER CUTLER PICKERING HALE AND
DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007
Tel:  212-230-8800
Fax:  212-230-8888
alan.schoenfeld@wilmerhale.com
david.gringer@wilmerhale.com

*Attorneys for Defendant The Trustees of the
University of Pennsylvania*


Juan A. Arteaga (phv05032)
Rosa Morales (phv207245)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Tel:  212-803-4053
Fax:  212-223-4134
jarteaga@crowell.com
rmorales@crowell.com

Jordan Ludwig (phv11097)
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA  90071
Tel:  213-443-5524
Fax:  213-622-2690
jludwig@crowell.com

*Attorneys for Defendant Princeton University*


Charles A. Loughlin (phv207263)
Benjamin F. Holt (phv01665)
Christopher M. Fitzpatrick (phv207257)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC  20004
Tel:  202-637-5600
chuck.loughlin@hoganlovells.com
benjamin.holt@hoganlovells.com
chris.fitxpatrick@hoganlovells.com

*Attorneys for Defendant Yale University*

Derek Ludwin (phv207232)
Meaghan Ryan (phv207233)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001
Tel:  202-662-5429
Fax:  202-778-5429
dludwin@cov.com
mryan@cov.com

*Attorneys for Defendant Council of Ivy Group
Presidents*

# Appendix A

**Proposed Agreed Schedule**

| EVENT | DEADLINE |
|---|---|
| Opening of limited fact discovery | May 10, 2023 |
| Motion(s) to Dismiss | May 15, 2023 |
| Parties' Rule 26 Initial Disclosures | June 9, 2023 |
| Submission of a stipulated ESI protocol and proposed stipulated orders regarding confidentiality, FERPA, HEA, and experts discovery, or competing proposals | June 21, 2023 |
| Plaintiffs' Opposition to Motion(s) to Dismiss | June 29, 2023 |
| Replies to Motion(s) to Dismiss | July 27, 2023 |
| Decision on Motion to Dismiss | Court's discretion |
| Opening of full fact discovery | 1 day following the Court's decision on Motion to Dismiss |
| Parties' Initial Document Requests | 7 days following the Court's decision on Motion to Dismiss |
| Answers Under FRCP 12 | 30 days following the Court's decision on the Motion to Dismiss |
| Motion to Join Additional Parties and Amend Pleadings | 90 days following the Court's decision on the Motion to Dismiss |
| Parties to submit joint status report to the Court setting forth any areas of dispute regarding custodians, non-custodial document sources, and search methodologies (including search terms) | 90 days following the Court's decision on the Motion to Dismiss |

| EVENT | DEADLINE |
|---|---|
| Status hearing | 7 days following submission of Status Report |
| Deadline to begin rolling production of documents | 30 days following Status Hearing |
| Close of fact discovery | 18 months following the Court's decision on the Motion to Dismiss[1] |
| Plaintiffs' opening expert reports on class certification | 30 days following close of fact discovery |
| Defendants' expert reports on class certification | 60 days following plaintiffs' reports |
| Plaintiffs' rebuttal expert reports on class certification | 60 days following defendants' reports |
| Close of class expert discovery[2] | 30 days following plaintiffs' rebuttal expert reports |
| Plaintiffs' Motion for Class Certification | 30 days following close of class expert discovery |
| All Parties' *Daubert* Motions as to class certification experts | 30 days following close of class expert discovery |
| Oppositions to Class Certification and *Daubert* Motions as to class certification experts | 45 days following opening Class Certification and *Daubert* briefs |

---

[1] All RFPs must be served at least 75 days before the close of fact discovery. All interrogatories must be served at least 45 days before the close of fact discovery.

[2] Each expert witness may only be deposed once for a total of seven hours. Expert witnesses deposed during the class expert discovery period shall not be deposed again during the merits experts discovery period, except that if a class expert witness submits a merits expert report setting forth new or different opinions or relying on new or different materials, such expert may be deposed once more for up to an additional seven hours.

| EVENT | DEADLINE |
|---|---|
| Reply Briefs on *Daubert* Motions as to class certification experts | 45 days following *Daubert* opposition briefs |
| Reply Brief on Class Certification | 7 days following *Daubert* reply briefs |
| Hearing and/or Decisions on Motion for Class Certification and *Daubert* Motions | Court's discretion |
| Plaintiffs' opening merits expert reports | 60 days following decision on class certification motion |
| Damages analysis | 60 days following decision on class certification motion |
| Defendants' opposition merits expert reports | 45 days following opening merits expert reports |
| Plaintiffs' rebuttal merits expert reports | 45 days following opposition merits expert reports |
| Close of merits expert discovery | 30 days following rebuttal merits expert reports |
| Summary Judgment Motions | 30 days following close of merits expert discovery |
| Joint Trial Memorandum | 30 days following close of merits expert discovery[3] |
| Trial Readiness | 60 days following Joint Trial Memorandum |

---

[3] Should a Party file a motion for summary judgment, the Parties will submit a joint trial memorandum 60 days after a ruling on a motion for summary judgment that does not resolve the entire case.

| EVENT | DEADLINE |
|---|---|
| Summary Judgment Oppositions, including *Daubert* Motions as to experts on whom parties rely to support Summary Judgment Motions | 60 days following Summary Judgment Motions |
| Summary Judgment Replies, including *Daubert* Motions as to experts on whom parties rely in opposition to Summary Judgment Motions | 45 days following Summary Judgment Oppositions |
| *Daubert* Oppositions | 30 days following *Daubert* Motion as to that expert |
| *Daubert* Replies | 30 days following *Daubert* Opposition as to that expert |
| Summary Judgment and *Daubert* Hearing and/or Decisions | Court's discretion |
| Pre-trial Conference | Court's discretion |
| Trial | Court's discretion |