UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAMENANG CHOH and GRACE KIRK, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>BROWN UNIVERSITY, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, HARVARD UNIVERSITY, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, PRINCETON UNIVERSITY, YALE UNIVERSITY, and THE IVY LEAGUE COUNCIL OF PRESIDENTS,<br><br>                    Defendants. | Case No. 3:23-cv-00305-AWT<br><br><br><br>**ORDER REGARDING SCOPE OF EXPERT DISCOVERY** |

    Plaintiffs and Defendants (together, the "Parties"), through their respective counsel of record, stipulate to the following regarding the scope of expert discovery in this matter (the "Action"), subject to approval by the Court. The Court approves as indicated by entry of this Order.

    1.    To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the Parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of this Stipulation nor the Parties' agreement to them shall be considered an admission

by any person that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

2. For purposes of the Action, the requirements of Fed. R. Civ. P. 26(a)(2)(B)(ii) shall be limited to "the facts, data, and other information relied on by the witness in forming the opinions to be expressed."

3. For purposes of this Action, the requirements of Fed. R. Civ. P. 26(b)(4)(C)(ii) shall be limited to "the facts, data or other information that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."

4. Except as required by Paragraphs 2 and 3 above and Paragraphs 5, 6, and 7 below, the following types of information are not discoverable and need not be disclosed or logged by any Party:

   (a) the content of written and oral communications solely among and between:

   (i) counsel and the expert and/or the expert's staff and/or supporting firms;

   (ii) counsel and any non-testifying expert consultant and/or the consultant's staff;

   (iii) the expert and other experts and/or other non-testifying expert consultants;

   (iv) the expert and the staff of other experts and/or other non-testifying expert consultants;

   (v) experts and their staff and/or supporting firms;

   (vi) non-testifying expert consultants and their staffs; and

   (vii) the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.

(b) notes, drafts, written communications, preliminary or intermediate calculations, summaries, computations or other data runs, or other types of non-final work created by, for, or at the direction of a testifying expert or consultant, including draft Fed. R. Civ. P. 26(a)(2)(B) expert reports, affidavits, exhibits, or declarations; or copies of materials produced by any Party bearing the notes, markings, or comments of a testifying or non-testifying expert consultant, or their staff, assistants, or clerical help, or attorneys for the Party or Parties.

(c) any comments, whether oral or written, related to a report, declaration, or affidavit or draft report, declaration, or affidavit of a testifying expert prepared in connection with this litigation by (i) counsel for a Party retaining the testifying expert; (ii) counsel working with counsel for a Party retaining the testifying expert; (iii) any testifying expert's staff, assistants, or clerical help, or supporting firms; (iv) a non-testifying expert or consultant; (v) a non-testifying expert's or consultant's staff, assistants, or clerical help, or supporting firms; (vi) any other testifying expert; or (vii) any other testifying expert's staff, assistants, or clerical help, or supporting firms.

(d) any information concerning fees paid or to be paid to experts or consultants, with the exception of (i) a testifying expert's hourly rate, (ii) total hours personally billed by a testifying expert in this litigation, and (iii) any other consideration or compensation received or to be received by a testifying expert and his or her entity, if any, in connection with work done in this litigation. For the avoidance of doubt, invoices submitted by experts or consultants shall not be discoverable.

5. The limitations contained in paragraph 4 above shall not apply to any communications, documents, data sets, data runs, calculations, computations, or other forms of

information or work upon which a testifying expert relies as a basis for any of his or her opinions or reports.

6. The limitations contained in paragraph 4 above do not affect any obligation under the Federal Rules that an expert might otherwise have to respond to questions at a deposition regarding: (a) alternative analyses, methodologies, or approaches to issues on which an expert is testifying, regardless of whether the expert considered them in forming the expert's opinion, (b) the hourly rates of the testifying expert and his or her staff, (c) the amount of time that the testifying expert and his or her staff has spent on the expert's report and the expert's associated work, and (d) the amount of money billed for the work of the testifying expert and his or her staff, if any.

7. Within three business days of any party serving any expert report and/or expert declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B), the party or Parties proffering the expert witness shall produce the facts, data, and other information required for disclosure under Fed. R. Civ. P. 26(a)(2)(B)(ii) (as modified by Paragraph 2). "Facts, data, and other information relied upon" shall be deemed to include, but will not be limited to, underlying data, spreadsheets, computerized regression analysis, computer code to generate the empirical results and/or other underlying reports and schedules sufficient to reconstruct the work, calculations, and/or analyses that the expert relied upon in forming the opinions to be expressed.

8. The information required by paragraph 7 above to be produced shall be produced electronically (via email, disc, or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of the expert's opinion(s) in this matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may

have been provided to the expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the Parties, shall identify any software and instructions required to read them and shall provide such software unless prohibited by license agreement terms, provided that no party need produce computer software that is reasonably and commercially available (*e.g.*, Microsoft Word, Excel). Documents that are publicly available need not be produced absent specific request if they are identified with sufficient specificity to allow the opposing side to locate and obtain the document. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number.

        9.       The disclosure obligations of paragraph 7 above do not apply to any demonstrative exhibits that a testifying expert may seek to use at hearings or trial. Instead, the disclosure of any such demonstrative exhibits shall be governed by any orders governing such hearings or the Final Pretrial Order. The use of any such demonstrative exhibits shall otherwise be subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules and standing orders, unless otherwise provided by order of the Court.

        10.      No subpoenas (for depositions or documents) need or shall be served on any individual based on the individual's role as a testifying expert. Instead, the party proffering such expert and the expert will, without a subpoena, (a) produce all of the materials and information called for in paragraph 7 above, and (b) make the expert available for deposition at a time mutually agreed to by the Parties and consistent with the Court's scheduling orders.

        11.      Nothing in this Stipulation shall permit a party or a testifying expert to withhold any proposition, fact, belief, or other data, information, or material on which the expert relies in support of the expert's opinion(s) in the Action.

12. Nothing in this Stipulation shall limit or waive any Party's rights to object for any reason to the admission of any Party's expert testimony into evidence or to the qualification of any person to serve as an expert witness.

13. The Parties agree to comply with this Stipulation pending the Court's approval or rejection of it.

**IT IS SO ORDERED.**

Dated:  August 4, 2023                     /s/AWT_____
                                          Alvin W. Thompson
                                          United States District Judge