# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAMENANG CHOH and GRACE KIRK, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, HARVARD UNIVERSITY, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, PRINCETON UNIVERSITY, YALE UNIVERSITY, and COUNCIL OF IVY GROUP PRESIDENTS,<br><br>              Defendants. | No. 3:23-cv-00305-AWT |

## PLAINTIFFS' SECOND NOTICE OF RECENT AUTHORITY RELEVANT TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs respectfully submit this Notice of Recent Authority, relevant to Defendants' Motion to Dismiss (ECF No. 153), that issued since the briefing on this motion was completed on June 29, 2023. Plaintiffs respectfully submit that, in assessing the parties' arguments on Defendants' pending motion to dismiss specifically regarding Plaintiffs' allegations pertaining to the relevant market in this case, the Court should consider a recent filing, of which the Court may take judicial notice. Plaintiffs explained in opposition to Defendants' motion that because Plaintiffs primarily assert a "per se" violation of the antitrust laws, no relevant market need even be defined. ECF 160 at 22 (citing cases). However, should the Court conclude that Plaintiffs must, at least in

the alternative, define a relevant market at this stage, the law provides that such a market must reflect "commercial realities." ECF 160 at 27-28 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 572 (1966)). These realities thus include the views of "industry participants." *FTC v. Iqvia Holdings Inc.*, 2024 WL 81232, at *31 (S.D.N.Y. Jan. 8, 2024). Defendants claimed in their Motion that Plaintiffs had "manufactured for this litigation" Plaintiffs' definitions of the two alleged relevant markets, the AAHA Educational Services market and the AAHA Athletic Services market, Compl. ¶¶ 201-18, and the Ivy League's monopoly and monopsony power in each, respectively. ECF 153-1, at 18-27. Yet the Ivy League athletic conference recently submitted with the National Labor Relations Board an amicus brief (Exhibit 1 hereto) in which it describes its views of relevant market realities, including "the unique characteristics of the Ivy League," as Plaintiffs have alleged them. *See, e.g.*, Ex. 1 at 3-5, 16-20. Plaintiffs are happy to address these points in further briefing if the Court so requests.

Dated: May 20, 2024

By: */s/ John L. Cesaroni*

<table>
<tr><td>

Stephen M. Kindseth (ct14640)
James M. Moriarty (ct21876)
John L. Cesaroni (ct29309)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06605
Tel. 203-368-4234
Fax. 203-368-5485
skindseth@zeislaw.com
jmoriarty@zeislaw.com
jcesaroni@zeislaw.com

Eric L. Cramer
Patrick F. Madden
Alan K. Cotler
Najah Jacobs
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000
ecramer@bm.net
pmadden@bm.net
alancotler@gmail.com
njacobs@bm.net

Robert E. Litan
Dan Walker
Hope Brinn
BERGER MONTAGUE PC
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Phone: (202) 559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

</td><td>

Velvel (Devin) Freedman
Edward Normand
Joseph Delich
Stephen Lagos
FREEDMAN NORMAND
FRIEDLAND LLP
90 Park Avenue
Suite 1910
New York, N.Y. 10016
Phone: 646-970-7513
vfreedman@fnf.law
tnormand@fnf.law
jdrelich@fnf.law
slagos@fnf.law

</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 20, 2024, I caused to be electronically transmitted a true and correct copy of the foregoing document to the Clerk of Court for filing using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                      /s/ *John L. Cesaroni*
                                      John L. Cesaroni (ct29309)